**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Case No. 19-cr-00441-LKG |
| | ) |
| WILLIAM THOMPSON, | ) Dated: July 16, 2024 |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Defendant, William Thompson, has moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 37.  This motion is fully briefed.  ECF Nos. 37, 50.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  Because Mr. Thompson has failed to exhaust his administrative remedies related to his request for a sentence reduction, the Court **DENIES** Mr. Thompson's motion for compassionate release.

### II.  BACKGROUND

Mr. Thompson is a 28-year-old federal prisoner, currently incarcerated at Federal Correctional Institution ("FCI") Hazelton, located in Bruceton Mills, West Virginia.  ECF No. 37.  Mr. Thompson is serving a sentence of 84 months and one day of incarceration for committing the offenses of: (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); and (2) use, carry, and brandish a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  ECF No. 33 at 1.

<u>Mr. Thompson's Sentence</u>

On February 5, 2020, Mr. Thompson entered a guilty plea as to one count of interfering with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), and one count of use, carry, and brandish of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]  ECF No. 15.  The

---

[1] Mr. Thompson was originally charged with four counts: two counts of interference with interstate commerce by robbery, violating 18 U.S.C. § 1951(a) and two counts of use, carry, and brandish of a firearm during and in relation to a crime of violence, violating 18 U.S.C. § 924(c)(1)(A)(ii).  ECF No. 1.

Court sentenced Mr. Thompson to 84 months and one day of incarceration for these offenses, to be served consecutively, to be followed by four years of supervised release upon his release from prison.  ECF No. 33 at 2-3.

Mr. Thompson's Request For Compassionate Release

On October 25, 2021, Mr. Thompson filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582.  ECF No. 37 at 1.  In his motion, Mr. Thompson seeks a reduction of his sentence, due to aggravating or mitigating circumstances that he argues were not considered during sentencing.  ECF No. 37.  Specifically, Mr. Thompson argues that the Covid-19 pandemic and his untreated autism, mental health and substance abuse issues constitute an extraordinary and compelling reason to reduce his sentence.  *Id.* at 2-11.

The Government opposes Mr. Thompson's motion for compassionate release upon the grounds that: (1) Mr. Thompson fails to demonstrate that he exhausted administrative remedies before directly petitioning the Court for compassionate release; (2) Mr. Thompson has failed to show extraordinary and compelling reasons to warrant compassionate release; and (3) the factors set forth in 18 U.S.C. § 3553(a) do not support Mr. Thompson's request for compassionate release.  ECF No. 50.  And so, the Government requests that the Court deny Mr. Thompson's motion.  *Id.*

Procedural History

On October 25, 2021, Mr. Thompson filed a motion for compassionate release.  ECF No. 37.  On November 24, 2021, the Office of the Federal Public Defender for the District of Maryland notified the Court that they would not provide assistance of counsel to Mr. Thompson on his motion for compassionate release.  ECF No. 39.

On April 7, 2022, the Government filed a response in opposition to Mr. Thompson's motion.  ECF No. 50.  On April 26, 2022, Mr. Thompson filed a reply brief.  ECF No. 53.

Having been fully briefed, the Court resolves Mr. Thompson's pending motion for compassionate release.

---

After Mr. Thompson pled guilty to Counts One and Two of the indictment, Counts Three and Four were dismissed by the Government.  ECF No. 16.

### III.    LEGAL STANDARD

#### A.    Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held, as amended by the FCA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release. *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Wiggins*, 2020 WL 4436373, at *3. And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id.* The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

## IV.   ANALYSIS

Mr. Thompson seeks compassionate release upon the grounds that his autism condition renders him vulnerable to the Covid-19 virus and he has not received treatment for his autism, mental health and substance abuse issues. ECF No. 37. Because Mr. Thompson has not shown that he has exhausted the administrative remedies with regards to these claims before directly petitioning the Court for compassionate release, the Court must DENY his motion for compassionate release.

As an incarcerated petitioner, Mr. Thompson is required to first seek a reduction of his sentence from the BOP *via* a request to the Warden of FCI Hazelton. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). And so, Mr. Thompson may petition the Court directly for a sentence reduction only after he has submitted a motion to the Warden of FCI Hazelton and either: (1) fully exhausted his administrative rights to appeal the BOP's failure to bring a motion on his behalf or (2) after a period of 30 days has lapsed since filing his motion with the Warden without action from the BOP. *Wiggins*, 2020 WL 4436373, at *2.

In this case, Mr. Thompson provides no information or evidence to show that he exhausted his administrative remedies with regards to his request for compassionate release prior to commencing this matter.  *See* ECF No. 37.  Mr. Thompson has provided the Court with an email communication to the Warden for FCI Hazelton, dated August 18, 2021, which states that:

> I am requesting that the BOP submit a motion on my behalf for immediate release pursuant to 18 U.S.C. 3582( c)(1)(A) – (Compassionate release)-Due to the COVID-19 virus and my preexisting conditions rendering me vulnerable to the disease and the increased severity of my sentence cause by the pandemic.

ECF No. 37-1.  But this email communication is not sufficient to show that Mr. Thompson exhausted his administrative remedies with regards to the claims that he brings in this matter.

As the Government correctly observes, Mr. Thompson does not provide any documentation regarding the "preexisting conditions" that he argues render him more vulnerable to Covid-19 in his communication to the Warden.  ECF Nos. 37, 37-1, 53.  Mr. Thompson also does not raise any concerns about inadequate autism, mental health or substance abuse treatment in his communication with the Warden of FCI Hazelton.  ECF No. 37-1.  Given this, Mr. Thompson has not shown that he raised his claims for compassionate release with his Warden before directly petitioning the Court for such relief on October 25, 2021.  *Id.*

The Court also observes that, even if Mr. Thompson had exhausted his administrative remedies, he cannot show that the Covid-19 pandemic is an extraordinary or compelling reason to reduce his sentence.  As this Court has recognized, the Covid-19 pandemic has had a "material" impact on public health.  *United States v. Williams*, 2020 WL 1434130, at *2 (D. Md. Mar. 24, 2020).  But, on May 11, 2023, the President and the Centers for Disease Control and Prevention issued a proclamation declaring that Covid-19 is no longer a national pandemic due to advancements in developing a vaccine, which has led to lower contraction and infection rates.  *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

Given this, Mr. Thompson fails to show that he is at more risk of, or more vulnerable to, injury due to Covid-19 than other incarcerated individuals or members of the general public who may have underlying health conditions.  And so, the Court **DENIES** Mr. Thompson's motion for compassionate release.

## V.      CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Thompson's motion for compassionate release.


**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge